# EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ANNA PAWELCZAK, an individual; on behalf of herself and all others similarly situated, )
)
)
Plaintiff, )
)
v. )
)
BUREAU OF COLLECTION RECOVERY, )
LLC, a Minnesota Limited Liability Company, )
)
Defendant. )

Case No.: 1:11-cv-01415

Judge: William T. Hart

Magistrate Judge Sidney I. Schenkier

## CLASS SETTLEMENT AGREEMENT

## RECITALS

1. **Parties.** Defendant, BUREAU OF COLLECTION RECOVERY, LLC, ("BCR"), and Plaintiff, ANNA PAWELCZAK ("Plaintiff") individually, and as representative of the class of persons defined below in ¶ 9 (the "Settlement Class"), enter into this Class Settlement Agreement as to the claims of Plaintiff and the Settlement Class arising from Defendant's telephone calls (the "Agreement").

2. **Nature of litigation.** Plaintiff, individually and on behalf of a class, filed a lawsuit in the United States District Court for the Northern District of Illinois, Eastern Division, entitled *Anna Pawelczak v. Bureau of Collection Recovery, LLC*, Case No. 11-cv-1415 (the "Litigation"), alleging that BCR engaged in false and misleading collection practices, and thereby violated the FDCPA, by failing to make proper disclosure of its identity and that the call was for collection purposes in prerecorded messages left by BCR for Plaintiff and the Settlement Class.

3. **Denial of Liability.** Defendant denies violating the FDCPA and denies all liability to Plaintiff and the Settlement Class. Defendant desires to settle the claims brought

130192542v1 0921976 07791

solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims related to its telephone calls that have been or could have been asserted by Plaintiff and the Settlement Class against BCR in the Litigation.

4. Plaintiff, individually and on behalf of the Settlement Class, desires to settle her claims against BCR, having taken into account through Plaintiff's counsel the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that the litigation will be further protracted and expensive.

5. Plaintiff's counsel has investigated the facts and the applicable law. Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, Plaintiff's counsel considers it to be in the best interest of the Settlement Class to enter into this Agreement.

6. All parties understand that this Agreement is a contract, and provides for good and sufficient consideration for the Parties' entry into it (as well as any person or entity who has authority to act on behalf of any Party).

7. In consideration of the foregoing and other valuable consideration, Plaintiff, Plaintiff's counsel, and BCR stipulate and agree that the claims of the Plaintiff and the Settlement Class arising from the Defendant's telephone calls, should be and are hereby compromised and settled subject to the Court's approval, on the following terms and conditions.

## TERMS

8. **Effective Date.** This Agreement shall become effective (hereinafter the "Effective Date") upon the occurrence of the following events: (1) the Court enters a final approval order which: (a) approves this Agreement as fair, reasonable, and adequate to the Settlement Class; (b) finds that this Agreement is fair and made in good faith; and (c) dismisses Plaintiff and the Settlement Class members' claims alleged in the Complaint against Defendant without prejudice; and (2) (a) if the final approval order is not appealed, the expiration of five (5) days from the date

2

130192542v1 0921976 07791

that the final approval order becomes a final, non-appealable order; or (b) if the final approval order is appealed, the expiration of five (5) days after the final disposition of any such appeal, which final disposition affirms the Court's final approval order and orders the consummation of the settlement in accordance with the terms and provisions of this Agreement.

9.  **Certification of Settlement Class**.  For the purposes of settlement, the parties stipulate to the certification of the Settlement Class, which is defined as:

> (a) all persons (b) with telephone numbers in 847 and 224 area codes (c) for whom Defendant left voicemail or answering machine messages (d) that did not identify Defendant or state that the call was for collection purposes (e) during a period beginning on March 1, 2010 and ending on March 22, 2011.

BCR estimates, based on its electronic records, that approximately 3,144 people are in the Settlement Class.

10.  **Relief to Plaintiff and the FDCPA Settlement Class**.  Defendant shall provide the following relief to Plaintiff and the Settlement Class.

a.  Defendant will create a class settlement fund of $25,000.00 ("Class Recovery"), which a settlement administrator will distribute *pro rata* among Settlement Class Members who do not exclude themselves and who timely return a claim form ("Claimants"). Claimants will receive a *pro rata* share of the Class Recovery by check. Checks issued to Claimants will be void sixty (60) days from the date of issuance. If any portion of the Settlement Class Recovery remains after the void date on the Claimants' checks, these remaining funds will be distributed as set forth in ¶ 10(e). Relatives or administrators of a deceased Settlement Class member's estate are eligible to submit a claim form and receive a *pro rata* share of the Class Recovery upon timely submission of proof of entitlement to receive the deceased Class member's share of the Class Recovery.

b.  Defendant shall pay $1,000.00 to Plaintiff.

c.  Defendant shall pay all costs associated with the notice under this class settlement and the costs of administering the class settlement; First Class, Inc., 5410 West Roosevelt Road, Chicago, IL 60644 is the company that will administer the settlement.

d.  Subject to the Court's approval, Defendant shall pay $35,000.00 to counsel for Plaintiff and the Settlement Class as attorneys' fees and costs.



130192542v1  0921976  07791

e.    Any checks that have not been cashed by the void date will be distributed as follows: up to 25% of the remaining funds shall be distributed to Defendant as reimbursement for any costs it incurs for Class Notice and Administration, and the remainder shall be donated to the Illinois Bar Foundation as a *cy pres* award. The payment to Defendant shall not exceed 25%, however, in the event that costs for Class Notice and Administration are less than 25% of the remaining funds, Defendant shall be paid an amount equal to the costs of Class Notice and Administration with the remaining funds to be paid to the Illinois Bar Foundation as a *cy pres* award.

11.    Settlement Class members shall have forty-five (45) days after mailing of the notice of the proposed settlement to complete and postmark a request to opt out of the proposed settlement, an objection to the proposed settlement, or a claim form requesting to receive a share of the benefits under the proposed settlement.

12.    Any Settlement Class member may seek to be excluded from the Agreement by opting out within the time period set by this Court. Any Settlement Class members desiring to exclude themselves from the action must serve copies of the request on counsel for both Plaintiff and Defendant at the addresses listed in ¶ 27 of this Agreement by the date set by the Court. Any Settlement Class member who opts out of the Settlement Class and the Agreement shall not be bound by any prior court order or the terms of the Agreement and shall not be entitled to any of the monetary benefits set forth in the Agreement.

13.    Any Settlement Class member may object to this Agreement by sending said objection to the Clerk of the Court and to the addresses set forth in ¶ 27 of this Agreement within the time period set by this Court. Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that the proposed settlement is not in the best interests of the Settlement Class. Any Settlement Class member who objects to the settlement may appear at the Final Approval Hearing and be heard on the fairness of the settlement.

4

130192542v1 0921976 07791

14.     On the Effective Date, Defendant shall distribute all monies set forth in ¶ 10(a), (b), and (d). Defendant shall distribute the money described in ¶ 10(b) and ¶ 10(d) in accordance with the provisions set forth in ¶ 18. All monies set forth in ¶ 10(b) and ¶ 10(d) shall be distributed to Class Counsel addressed to Francis Greene, EDELMAN, COMBS, LATTURNER & GOODWIN, LLC, 120 South LaSalle Street, Suite 1800, Chicago, IL 60603. The check for the monies described in ¶ 9(b) and 9(d) shall be made out to "Edelman, Combs, Latturner & Goodwin, LLC Trust Account".

15.     Within thirty (30) days of the void date of the Settlement Class members' checks, any uncashed checks or undistributed funds will be paid by First Class, Inc. as follows: up to 25% of the remaining funds to be distributed to Defendant as reimbursement for any costs it incurred for Class Notice and Administration, and the remainder to be distributed to Ms. Melissa Burkholder, Cy Pres Awards, Illinois Bar Foundation, 20 South Clark Street, Suite 910, Chicago, IL 60603.

16.     **Release.**  In exchange for the consideration provided in Paragraph 10 and upon the Effective Date, the Plaintiff and Settlement Class members grant the following releases:

a.     Plaintiff, Anna Pawelczak, including each and every one of her respective agents, representatives, attorneys, heirs, assigns, or any other person acting on her behalf or for her benefit, and any person claiming through her (collectively "Releasors"), releases and discharges Defendant, Bureau of Collection Recovery, LLC, as well as its parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, or assigns, (in their respective capacities as officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, or assigns for BCR) (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now has or ever had against the Released Parties, or any of them, under any legal theory, including claims against the Released Parties on a theory of vicarious liability, whether or not alleged, related to or arising from matters that occurred from the beginning of time up through the Effective Date. Without limiting the

5

generality of the foregoing, Releasors release Released Parties from all claims that were made or that could have been made in this lawsuit including all claims relating to Defendant's collection activity.

b.    Each member of the Settlement Class who does not opt out releases and discharges the RELEASED PARTIES of all causes of action, suits, liability, and claims, including claims against the Released Parties on a theory of vicarious liability, and including claims for the payment of attorney's fees and costs arising out of or related to all claims that were made in this lawsuit or related to any call in which Defendant failed to identify itself or disclose that the call was for collection purposes.

c.    IT IS EXPRESSLY STATED that the releases above DO NOT release any claim or defense Plaintiff and each Settlement Class member may have with respect to the validity of the underlying debts which BCR was attempting to collect, including (1) whether any debt is in fact owed, (2) the crediting of payments on any debt, or (3) the proper reporting of any debts to credit bureaus.

d.    BCR does **NOT** release its claims, if any, against Plaintiff or any member of the Settlement Class for the payment of their debts. The underlying debts Defendant sought to collect are not affected by this Agreement. This Agreement does not prevent Defendant from continuing to attempt to collect the debts allegedly owed by the Settlement Class members.

17.    The release is conditioned upon the approval of the Agreement by the Court and Defendant meeting its obligations herein. If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

18.    **Attorneys' Fees, Notice Costs and Related Matters.** Defendant will pay the costs of notice and settlement administration, as described above in ¶ 10. Defendant will also pay Plaintiff's counsel $35,000.00, in attorneys' fees and costs. The amount shall be paid by check on the later of the Effective Date or fourteen (14) days after the amount of fees and costs is determined by Court order. This amount shall be sent to Francis Greene, EDELMAN, COMBS, LATTURNER & GOODWIN, LLC, 120 South LaSalle Street, Suite 1800, Chicago, IL 60603,

6

or at any other address that Defendant's counsel in writing is directed to send the monies to by Class Counsel.

19.     **Notice.** Within thirty (30) days of entry of the Preliminary Approval Order, BCR shall though the Class Administrator cause actual notice, in the form of Exhibit 1, to be sent to the last known addresses of the Settlement Class members, according to Defendant's records. The Class Administrator shall distribute the notice via any form of U.S. Mail providing address forwarding. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, the Class Administrator shall cause to be forwarded any such returned notice to the address provided within four (4) days of receipt. Neither the Class Administrator, nor Defendant, nor Plaintiff is required to skip trace any letters that are returned as undeliverable.

20.     Defendant shall provide notice of this proposed class settlement to the appropriate state and federal authorities in compliance with the Class Action Fairness Act ("CAFA").

21.     **Preliminary Approval.** As soon as practicable after execution of this Agreement, the parties shall make application to the Court for the Preliminary Approval Order, attached as Exhibit 2, which:

a.     Preliminarily approves this Agreement;

b.     Certifies the Settlement Class defined in ¶9 for settlement purposes;

c.     Appoints Edelman, Combs, Latturner & Goodwin, LLC and Law Office of William F. Horn as counsel for the Settlement Class;

d.     Appoints Anna Pawelczak as the representative of the Settlement Class;

e.     Sets dates for Settlement Class members to opt-out, object, or return a claim form;

f.     Schedules a hearing for final approval of this Agreement;

g.     Approves Exhibit 1 hereto as notice to the Settlement Class, to be directed to the last known address of the Settlement Class members as shown on BCR's records;

7



130192542v1 0921976 07791

    h.    Finds that mailing of the FDCPA Settlement Class notice and the other measures specified in ¶ 16 are the only notice required to the Settlement Class and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

22.    The parties agree to request the form of notice attached hereto as <u>Exhibit 1</u> and propose the form of preliminary approval order attached hereto as <u>Exhibit 2</u>. The fact that the Court may require non-substantive changes in the notice or order does not invalidate this Agreement.

23.    **Final approval.** At the conclusion of, or as soon as practicable after, the close of the hearing on the fairness, reasonableness and adequacy of this Agreement, and the expiration of at least ninety (90) days from the preliminary approval of the settlement (as required by CAFA), Plaintiff, Plaintiff's counsel, BCR's counsel and BCR shall request that the Court enter a Final Order:

    a.    approving the terms of this Agreement as fair, reasonable and adequate;

    b.    providing for the implementation of its terms and provisions;

    c.    certifying for purposes of settlement the Settlement Class;

    d.    finding that the notice given to the Settlement Class satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law;

    e.    dismissing the claims of Plaintiff and the Settlement Class alleged in the Complaint without prejudice and without costs (subject to ¶ 23g below);

    f.    retaining exclusive jurisdiction to enforce the terms and provisions of this Agreement;

    g.    directing Defendant, after all money has been distributed from the Class Recovery and no later than thirty (30) days after the Void Date, to file a notice apprising the court that the terms of the Agreement have been complied with and providing the court with an accounting of how the money in the Class Recovery was distributed; and

    h.    directing that ten (10) days after the filing of the notice contemplated in ¶ 23g above, the dismissal of the claims of Plaintiff and the Settlement Class shall be

8

 130192542v1 0921976 07791

with prejudice and without costs, absent a timely motion by either Plaintiff or Defendant.

24.     The parties agree to request the form of final order attached hereto as <u>Exhibit 3</u>. The fact that the Court may require non-substantive changes in the final order does not invalidate this Settlement Agreement.

25.     **Release of Attorneys' Lien.**   In consideration of this Settlement Agreement, Plaintiff's counsel hereby discharges and releases the "Released Parties," as defined in ¶ 16(a) above, of and from any and all claims for attorneys' fees, by lien or otherwise, for legal services rendered by Plaintiff's counsel.

26.     **Miscellaneous Provisions.**    The parties and their attorneys agree to cooperate fully with one another in seeking approval of this Agreement, and to use their best efforts to effect the consummation of this Agreement and the settlement provided for herein.  Whether or not this Agreement is consummated, this Agreement shall in no event be construed as, or be deemed to be, evidence of an admission on the part of Defendant of any liability or wrongdoing whatsoever.

27.     Notices and objections related to this Agreement shall be sent to:

Francis Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 South LaSalle Street, Suite 1800
Chicago, IL  60603

Notices to Defendant shall be sent to:

Jennifer W. Weller
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, IL  60601

The persons and addresses designated in this paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.



130192542v1  0921976  07791

28.     The foregoing constitutes the entire agreement between the parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all parties hereto, and approved by the Court.

29.     This Agreement may be executed in counterparts, in which case the various counterparts shall constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Agreement may be treated as originals.

30.     Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of the Plaintiff, the Settlement Class, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

31.     This Agreement shall be governed by and interpreted in accordance with the laws of Illinois.

32.     If final approval is granted, the parties shall retain the Settlement Class list and a list of Settlement Class members who opted in or excluded themselves for six months thereafter, and may destroy them after that period.



130192542v1 0921976 07791

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed, on December 28th, 2011.

Individually and as Class Representative:

_____
Anna Pawelczak

Attorneys for Anna Pawelczak:

_____
Edelman, Combs, Latturner & Goodwin, LLC

Bureau of Collection Recovery, LLC

BY:

_____
Its duly authorized representative

_____
Law Office of William F. Horn

11

130192542v1  0921976  07791

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed, on December _____, 2011.


Individually and as Class Representative:


_____

Anna Pawelczak


Attorneys for Anna Pawelczak:


_____      _____

Edelman, Combs, Latturner & Goodwin, LLC      Law Office of William F. Horn


Bureau of Collection Recovery, LLC

BY: _____

Its duly authorized representative

Kaulas Agrawal
Regional CFO

11

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed, on December _____, 2011.


Individually and as Class Representative:


_____
Anna Pawelczak


Attorneys for Anna Pawelczak:


_____   _____
Edelman, Combs, Latturner & Goodwin, LLC   Law Office of William F. Horn


Bureau of Collection Recovery, LLC

BY:
_____
Its duly authorized representative


11

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

**If you were left a pre-recorded message by Bureau of Collection Recovery, LLC, you may benefit from this class action settlement.**

*The case is titled Anna Pawelczak v. Bureau of Collection Recovery, LLC, Case No. 11-cv-1415. A Federal court authorized this notice. This is not a solicitation from a lawyer.*

**THIS IS A NOTICE OF A SETTLEMENT OF A CLASS ACTION LAWSUIT. IN ORDER TO PARTICIPATE IN THE SETTLEMENT YOU MUST POSTMARK AND RETURN THE ATTACHED CLAIM FORM BY _____, 2012.
THIS IS <u>NOT</u> A NOTICE OF A LAWSUIT AGAINST YOU.**

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| | |
|---|---|
| **RETURN A CLAIM FORM BY _____, 2012** | By returning a completed claim form by ____, 2012 you will remain in the Class and you will be entitled to receive a settlement check from the settlement fund. |
| **DO NOTHING BUT STAY IN THE SETTLEMENT CLASS** | By doing nothing, you will remain in the Class and be bound by the terms of the settlement but will not receive a share of the settlement fund. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will retain your legal claims against the Defendant. |
| **OBJECT** | Write to the Court about why you don't like the settlement. You may also appear at the fairness hearing. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

## 1. Why did I get this notice?

You are receiving this notice because you were identified as a person for whom Bureau of Collection Recovery, LLC ("BCR") left a pre-recorded message between March 1, 2010, and March 22, 2011, which message allegedly did not make proper disclosure of BCR's identity or state that it was a communication from a debt collector.

## 2. What is this lawsuit about?

This lawsuit claims that BCR violated the federal Fair Debt Collection Practices Act ("FDCPA") by allegedly leaving prerecorded voice messages in which BCR did not properly disclose its identity or state that the message was a communication from a debt collector.

### 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, Anna Pawelczak), sue on behalf of a group (or a "Class") of people who have similar claims regarding the prerecorded message used by BCR in an attempt to collect a debt.

### 4. Why is there a settlement?

To avoid the cost, risk, and delay of litigation, the parties reached a settlement agreement as to Plaintiff's and the Class's claims.

### 5. How do I know if I am a part of the settlement?

For settlement purposes, the Court has certified a Class consisting of all people who meet the following definition:

(a) all persons (b) with telephone numbers in 847 and 224 area codes (c) for whom Defendant left voicemail or answering machine messages (d) that did not identify Defendant or state that the call was for collection purposes (e) during a period beginning March 1, 2010 and ending on March 22, 2011.

BCR estimates, based on its electronic records, that approximately 3,144 people are in the Class.

According to Defendant's records, you are a Class member.

## YOUR BENEFITS UNDER THE SETTLEMENT

### 6. What can I get from the settlement?

If you postmark and return a claim form by _____, 2012 to **First Class, Inc.** you will be entitled to a pro rata share of the Class Recovery. The Class Recovery will be approximately $25,000. If all 3,144 Class members return a claim form, which is unlikely, each claimant will receive about $7.95. Class Counsel expects that between 10-20% of the Class members will return a claim form and that each claimant will likely receive between $39.75 and $79.62 No Class member is eligible to receive more than one check

### 7. When will I receive these benefits?

You will receive these benefits approximately 30-45 days after the Court enters a Final Approval Order. This estimation is premised on the assumption that no objections are received.

### 8. I want to be a part of the settlement and receive these benefits. What do I do?

By _____, **2012**, you need to complete, postmark and mail to First Class, Inc. the claim form at the end of this notice.

**9.  What am I giving up to receive these benefits?**

By staying in the Class, all of the Court's orders will apply to you, and you give Defendant a "release."  A release means you cannot sue or be part of any other lawsuit against Defendant about the claims or issues in this lawsuit with respect to the prerecorded message at issue in the Complaint.

**10.  How much will the Class Representative receive?**

Plaintiff Pawelczak will receive a payment of $1,000.  This is subject to the Court's Approval.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to receive the benefits of the settlement but you want to keep your legal claims against the Defendant, then you must take steps to exclude yourself from this settlement.

**11.  How do I get out of the settlement?**

To exclude yourself from the settlement you must send a letter by mail stating that you want to be excluded from *Anna Pawelczak v. Bureau of Collection Recovery, LLC*, Case No. 11 cv 1415, (N.D. Ill.).  Be sure to include your name, address, telephone number, and your signature.  You must mail your exclusion request so that it is postmarked **no later than** _____, **2012,** to:

| | |
|---|---|
| Francis Greene | Jennifer Weller |
| EDELMAN, COMBS, LATTURNER & GOODWIN, LLC | HINSHAW & CULBERTSON LLP |
| 120 South LaSalle Street, Suite 1800 | 222 N. LaSalle St. |
| Chicago, IL  60603 | Suite 300 |
| | Chicago, IL  60601 |

**12.  If I exclude myself, do I still receive benefits from this settlement?**

No, you will not receive anything resulting from the settlement, but you will have the right to sue BCR over the claims raised in this case, either on your own or as a part of a different lawsuit.  If you exclude yourself, the time you have in which to file your own lawsuit (called the "statute of limitations") will begin to run again.  You will have the same amount of time to file the suit that you had when this case was filed.

## THE LAWYERS REPRESENTING YOU

**13. Do I have a lawyer in this case?**

The Court has named the law firms of Edelman, Combs, Latturner & Goodwin, LLC and Law Office of William F. Horn as Class Counsel. You will not be charged for these lawyers; however, they will receive a payment from the defendant in an amount to be determined by and approved by the Court. If you want to be represented by your own lawyer, you may hire one at your own expense. If you choose to hire your own lawyer, he or she must file an appearance by _____, **2012**.

**14. How will the lawyers be paid?**

Subject to the Court's approval, BCR will pay Class Counsel, Edelman, Combs, Latturner & Goodwin, LLC and Law Office of William F. Horn a total of $35,000.00 as attorneys' fees and costs incurred with respect to the Plaintiff and the Class' claims.

## CLASS COUNSEL'S VIEWS ABOUT THE SETTLEMENT

**15. Is this a fair settlement?**

Class Counsel believes that this settlement is fair. The claim asserted on behalf of the Class against BCR is under the FDCPA. The FDCPA is a federal statute which provides for both individual actions and class actions. In an individual action, the person bringing the suit may recover (i) any actual damages suffered; and (ii) statutory damages of between $0 and $1,000.00. (Plaintiff's complaint did not allege actual damages.) In a class action, the maximum possible recovery is (i) any actual damages suffered by the class members and (ii) the lesser of 1% of the Defendant's net worth or $500,000.00. The Court, in its discretion, may award anything from $0 up to the maximum amount to a prevailing party. In either an individual or class action, the person bringing the suit can also recover attorneys' fees and the expenses of prosecuting the suit, if it is successful.

In this case, the Class recovery of $25,000 will be divided between those of the 3,144 Class members who submit a timely claim form. Class Counsel expects that approximately 10-20% of the Class members will return a claim form and that claimants will receive between approximately $39.75 and $79.62.

**16. What is the Defendant's view of this settlement?**

As stated above, by settling this lawsuit, BCR is not admitting that it has done anything wrong. BCR expressly denies the claims asserted by the Plaintiff and denies all allegations of wrongdoing and liability.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

| 17. How do I tell the Court that I do not like the Settlement? |
| --- |

If you are a Class member, you can object to the settlement. In order to object to the settlement or any part of the settlement, you must send a letter (or legal brief) stating that you object and the reasons why you think the Court should not approve the settlement. You must include the name and number of the case: *Anna Pawelczak v. Bureau of Collection Recovery, LLC*, Case No. 11 cv 1415, (N.D. Ill.), your name, address, telephone number, and your signature. If you are objecting to the settlement, you may also appear at the fairness hearing (explained below in answer to question no. 18). You must mail your objection so that it is postmarked no later than _____, **2012** to**:**

> Clerk of the Court, United States District Court for the Northern District of Illinois, 219 S. Dearborn Street, Chicago, IL 60604

You must also send a copy of your objection to **both**:

> Francis Greene  
> EDELMAN, COMBS, LATTURNER  
> & GOODWIN, LLC  
> 120 South LaSalle Street, Suite 1800  
> Chicago, IL 60603

> Jennifer W. Weller  
> HINSHAW & CULBERTSON LLP  
> 222 N. LaSalle St.  
> Suite 300  
> Chicago, IL 60601

## THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend if you wish, but you are not required to do so.

| 18. Where and when is the fairness hearing? |
| --- |

The Court will hold a fairness hearing on _____, **2012 at** _____**a.m./p.m.** in the courtroom of Judge Hart, Room 1843 of the Dirksen Federal Building, 219 S. Dearborn St., Chicago, Illinois 60604. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable and adequate and in the best interests of the Class and to determine the appropriate amount of compensation for the Class Counsel. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

YOU ARE **NOT** REQUIRED TO ATTEND THIS HEARING TO BENEFIT FROM THIS SETTLEMENT. The hearing may be postponed to a later date without notice.

## GETTING MORE INFORMATION – CONTACT:

**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
**120 South LaSalle Street, Suite 1800**
**Chicago, IL 60603**
**Telephone: (312) 739-4200**

## PROOF OF CLAIM FORM

**RE:** *Anna Pawelczak v. Bureau of Collection Recovery, LLC*, Case No. 11 cv 1415, (N.D. Ill.).

**I WISH TO RECEIVE A SHARE OF THE SETTLEMENT.**

**IMPORTANT: THIS CLAIM FORM MUST BE POSTMARKED ON OR BEFORE _____, 2011 AND MAILED TO THE FOLLOWING ADDRESS:**

FIRST CLASS, INC.
5410 W Roosevelt Rd Ste 222
Chicago, IL 60644-1479

**PLEASE LEGIBLY PRINT THE FOLLOWING INFORMATION:**

**NAME:** _____

**MAILING ADDRESS:** _____

_____

**IF YOUR NAME DIFFERS FROM THAT WHICH APPEARS ON THE MAILING LABEL, PLEASE NOTE THE NAME OF THE PERSON TO WHOM THIS NOTICE WAS ADDRESSED HERE AND EXPLAIN WHY YOU SHOULD RECOVER INSTEAD OF THE PERSON TO WHOM THE NOTICE WAS ADDRESSED:**

_____

**IF THIS NOTICE WAS MAILED TO AN ADDRESS OTHER THAN YOUR CURRENT ADDRESS, PLEASE NOTE THE ADDRESS HERE:**

_____

_____

**SIGNATURE:** _____

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANNA PAWELCZAK, an individual; on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 1:11-cv-01415 |
| v. | ) ) | Judge: William T. Hart |
| BUREAU OF COLLECTION RECOVERY, LLC, a Minnesota Limited Liability Company, | ) ) ) | Magistrate Judge Sidney I. Schenkier |
| Defendant. | ) | |

## PRELIMINARY APPROVAL ORDER

The Court, having considered the parties' motion for preliminary approval, hereby grants preliminary approval to the Class Settlement Agreement ("Agreement") between Plaintiff, ANNA PAWELCZAK ("Plaintiff"), individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendant, BUREAU OF COLLECTION RECOVERY, LLC.

1.    The proposed Agreement, the terms of which are fully set forth in the Agreement, is reasonable, fair and hereby approved by the Court, subject to the final fairness hearing described below.

2.    For settlement purposes only, the parties have stipulated to the certification of, and the Court preliminarily certifies, the Settlement Class defined as:

(a) all persons (b) with telephone numbers in 847 and 224 area codes (c) for whom Defendant left voicemail or answering machine messages (d) that did not identify Defendant or state that the call was for collection purposes (e) during a period beginning on March 1, 2010 and ending on March 22, 2011).

The Settlement Class described above includes approximately 3,144 persons. Edelman, Combs, Latturner & Goodwin, LLC and Law Office of William F. Horn are appointed as Class Counsel.

3.      Based on the parties' stipulations, and for settlement purposes only: (A) the Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Settlement Class members, and include whether or not Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692 et seq. through pre-recorded messages left for Settlement Class members which messages allegedly did not make proper disclosure of BCR's identity or state that it was a communication from a debt collector; (C) the claim of Plaintiff Anna Pawelczak is typical of the Settlement Class members' claims; (D) Plaintiff Anna Pawelczak is an appropriate and adequate representative for the Class and her attorneys, the law firm Edelman, Combs, Latturner & Goodwin, LLC and Law Offices of William F. Horn, are hereby appointed as Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class members.

4.      Anna Pawelczak is hereby appointed as the representative of the Settlement Class.

5.      The Court approves the parties' proposed Class Notice and directs it be mailed to the last known address of the Settlement Class members as shown in Defendant's records. Defendant will cause the Class Notice to be mailed to Settlement Class members on or before _____, 2012 (thirty (30) days after entry of the preliminary approval order). Defendant will have the notice sent by any form of U.S. Mail providing forwarding addresses.

130194001v1  0921976  07791

6.　　The Court finds that mailing of the Class Notice is the only notice required and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

7.　　Settlement Class members shall have until _____, 2012 (the first business day after the 45th day after the initial mailing of the Class Notice) to exclude themselves from or object to the proposed settlement.　Any Settlement Class members desiring to exclude themselves from the action must serve copies of the request on counsel for both Plaintiff and Defendant by that date.　Any Settlement Class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, and serve copies of the objection on counsel for both Plaintiff and Defendant by that date.　Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that proposed settlement is not in the best interests of the class.　Objectors who have filed written objections to the settlement may also appear at the hearing and be heard on the fairness of a settlement. To be effective, the request for exclusion or objection must be postmarked by _____, 2012.

8.　　In order to receive a portion of the cash payment under the settlement, the Settlement Class members must complete, return to the settlement administrator, and postmark a claim form by _____, 2012 (the first business day after the 45th day after the initial mailing of the class notice).　The claim form will be sent with the Class Notice.

9.　　Defendant shall file with the Court proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

130194001v1  0921976  07791

10.     A final hearing on the fairness and reasonableness of the Agreement and whether the final approval shall be given to it and the requests for fees and expenses by Class Counsel will be held on _____, 2012 at _____ a.m.

ENTERED:     _____
                William T. Hart

DATE:

4

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANNA PAWELCZAK, an individual; on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 1:11-cv-01415 |
| v. | ) ) | Judge: William T. Hart |
| BUREAU OF COLLECTION RECOVERY, LLC, a Minnesota Limited Liability Company, | ) ) ) | Magistrate Judge Sidney I. Schenkier |
| Defendant. | ) ) | |

## FINAL APPROVAL ORDER

Upon consideration of the parties' request for final approval of the Class Settlement Agreement ("Agreement") between Plaintiff, ANNA PAWELCZAK ("Plaintiff"), individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendant, BUREAU OF COLLECTION RECOVERY, LLC ("BCR"), the Court orders and finds as follows:

1. This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, Settlement Class members, and BCR.

2. Solely for the purposes of settlement, the following Settlement Class is certified pursuant to Fed.R.Civ.P. 23 (b)(3):

> (a) all persons (b) with telephone numbers in 847 and 224 area codes (c) for whom Defendant left voicemail or answering machine messages (d) that did not identify Defendant or state that the call was for collection purposes (e) during a period beginning on March 1, 2010 and ending on March 22, 2011.

3. Based on the parties' stipulations, and for settlement purposes only: (A) the Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Settlement Class members, and included whether or not Defendant violated the Fair Debt

Collection Practices Act, 15 U.S.C.§ 1692 et seq. through pre-recorded messages left for Settlement Class members which messages allegedly did not make proper disclosure of BCR's identity or state that it was a communication from a debt collector; (C) the claim of Plaintiff Anna Pawelczak is typical of the Settlement Class members' claims; (D) Plaintiff Anna Pawelczak is an appropriate and adequate representative for the Class and her attorneys, the law firm Edelman, Combs, Latturner & Goodwin, LLC and Law Offices of William F. Horn, are hereby appointed as Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class members.

4.     The Court approved a form of notice for mailing to the Settlement Class. The Court is informed that actual notice was sent by first class mail to approximately _____Settlement Class members by First Class, Inc., the settlement administrator. A total of _____envelopes were returned by the United States Postal Service, _____of which were returned with forwarding addresses and re-mailed. _____ Settlement Class members requested exclusion, and _____objections were filed or received. A total of _____Settlement Class members timely returned the proof of claim form and are entitled to a share of the monetary benefits of the settlement.

5.     On _____, 2012, the Court held a fairness hearing to which Settlement Class members, including any with objections, were invited. Excluded from the Settlement Class are those persons, identified in Appendix A hereo, who timely and validly requested exclusion..

6.     The Court finds that provisions for notice to the class satisfy the requirements due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

130194295v1 0921976 07791

7.     The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the parties, including the Release and payments by Defendant. Upon the Effective Date, as that term is defined in the Agreement, Defendant shall make the following payments:

a.     Defendant will create a class settlement fund of $25,000.00 ("Class Recovery"), which a settlement administrator, First Class, Inc. will distribute *pro rata* among Settlement Class members who did not exclude themselves from the settlement, who timely returned a claim form and who can be located ("Claimants"). Claimants will receive a *pro rata* share of the Class recovery by check. Checks issued to Claimants will be void after sixty (60) days. If any portion of the Class Recovery remains by the void date on the Claimants' checks, these remaining funds will be distributed as follows: up to 25% of the remaining funds shall be distributed to Defendant as reimbursement for any costs it incurs for Class Notice and Administration, and the remainder shall be donated to the Illinois Bar Foundation as a *cy pres* award. The payment to Defendant shall not exceed 25%, however, in the event that costs for Class Notice and Administration are less than 25% of the remaining funds, Defendant shall be paid an amount equal to the costs of Class Notice and Administration with the remaining funds to be paid to the Illinois Bar Foundation as a *cy pres* award.

b.     Defendant shall pay $1,000 to Plaintiff.

c.     Class Counsel will receive attorneys' fees and costs in the amount of $35,000.00. Class Counsel will not request additional fees or costs from Defendant or the Settlement Class members.

8.     The Plaintiff and Settlement Class members grant the following releases:

a.     Plaintiff, Anna Pawelczak, including each and every one of her respective agents, representatives, attorneys, heirs, assigns, or any other person acting on her behalf or for her benefit, and any person claiming through her (collectively "Releasors"), releases and discharges Defendant, Bureau of Collection Recovery, LLC, as well as its parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, or assigns (in their respective capacities as officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns for BCR) (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now has or ever had against the Released Parties, or any of them, under any legal theory, including claims against the Released Parties on a theory of vicarious liability, whether or not alleged, related to or arising from matters that occurred

130194295v1  0921976  07791

from the beginning of time up through the Effective Date. Without limiting the generality of the foregoing, Releasors release Released Parties of all claims that were made or that could have been made in this lawsuit including all claims relating to Defendant's collection activity.

b. Each member of the Settlement Class who does not opt out releases and discharges the RELEASED PARTIES of all causes of action, suits, liability and claims, including claims against the Released Parties on a theory of vicarious liability, and including the payment of attorney's fees and costs arising from or relating to any call in which Defendant failed to identify itself or disclose that the call was for collection purposes..

c. IT IS EXPRESSLY STATED that the releases above DO NOT release any claim and defense Plaintiff and each Settlement Class member may have with respect to the underlying debts which BCR was attempting to collect, including (1) whether any debt is in fact owed, (2) the crediting of payments on any debt, or (3) the proper reporting of any debts to credit bureaus.

d. BCR does **NOT** release its claims, if any, against Plaintiff or any member of the Settlement Class for the payment of their debts. The underlying debts Defendant sought to collect are not affected by this Agreement. This Agreement does not prevent Defendant from continuing to attempt to collect the debts allegedly owed by the Settlement Class members.

9. The Court finds the Agreement fair and made in good faith.

10. Within thirty (30) days following the last void date of the Settlement Class members' checks, any uncashed checks or undistributed funds will be paid by First Class, Inc. as follows: up to 25% of the remaining funds to be distributed to Defendant as reimbursement for any costs it incurred for Class Notice and Administration, and the remainder to be distributed to Ms. Melissa Burkholder, Cy Pres Awards, Illinois Bar Foundation, 20 South Clark Street, Suite 910, Chicago, IL 60603.

11. The terms of the Agreement are incorporated into this order. This order shall operate as a final judgment and dismissal without prejudice of the claims in this action.

12. Defendant, after all money has been distributed from the Class Recovery and no later than thirty (30) days after the Void Date, is to file a notice apprising the Court that the terms

130194295v1  0921976  07791

of the Agreement have been complied with and providing the Court with an accounting of how the money in the Class Recovery was distributed.

13.     Ten (10) days after the filing of the notice contemplated in ¶ 10 above, the dismissal of the claims of Plaintiff and the Settlement Class shall be with prejudice and without costs, absent a timely motion by either Plaintiff or Defendant.

14.     The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this order.

15.     The Court retains exclusive jurisdiction to enforce the terms and provisions of the Agreement and this order.

16.     The Parties are hereby ordered to comply with the Terms of the Agreement and this order.

ENTERED:     _____
            William T. Hart
            United States District Court Judge

DATE:        _____

5