IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANNA PAWELCZAK, an individual; on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | 11 C 1415 |
| v. | ) ) ) | |
| BUREAU OF COLLECTION RECOVERY, LLC, a Minnesota Limited Liability Company, | ) ) ) ) | |
| Defendant. | ) | |

**PRELIMINARY APPROVAL ORDER**

The Court, having considered the parties' motion for preliminary approval, hereby grants preliminary approval to the Class Settlement Agreement ("Agreement") between Plaintiff, ANNA PAWELCZAK ("Plaintiff"), individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendant, BUREAU OF COLLECTION RECOVERY, LLC ("BCR").

1. The proposed Agreement, the terms of which are fully set forth in the Agreement, is reasonable and fair, and, subject to the modifications stated herein, the Agreement is hereby approved by the Court, subject to the final fairness hearing described below.

2. For settlement purposes only, the parties have stipulated to the certification of, and the Court preliminarily certifies, the Settlement Class defined as:

> (a) all persons (b) with telephone numbers in 847 and 224 area codes (c) for whom Defendant left voicemail or answering machine messages (d) that did not identify Defendant or state that the call was for collection purposes (e) during a period beginning on March 1, 2010 and ending on March 22, 2011).

1

The Settlement Class described above includes approximately 3,144 persons. It does not include any persons or entities related to Defendant. Edelman, Combs, Latturner & Goodwin, LLC and Law Office of William F. Horn are appointed as Class Counsel.

3. Based on the parties' stipulations, and for settlement purposes only: (A) the Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Settlement Class members, and include whether or not Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692 *et seq.*, through pre-recorded messages left for Settlement Class members which messages allegedly did not make proper disclosure of BCR's identity or state that it was a communication from a debt collector; (C) the claim of Plaintiff Anna Pawelczak is typical of the Settlement Class members' claims; (D) Plaintiff Anna Pawelczak is an appropriate and adequate representative for the Class and her attorneys, the law firm Edelman, Combs, Latturner & Goodwin, LLC and Law Offices of William F. Horn, are hereby appointed as Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class members.

4. Anna Pawelczak is hereby appointed as the representative of the Settlement Class.

5. The Court approves the parties' proposed Class Notice, as modified, and directs it be mailed to the last known address of the Settlement Class members as shown in Defendant's records. Defendant will cause the Class Notice to be mailed to Settlement Class members on or before February 3, 2012 . Defendant will have the notice sent by any form of U.S. Mail providing forwarding addresses.

6. The Court finds that mailing of the Class Notice is the only notice required and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil

Procedure, including Rule 23, the United States Constitution, and any other applicable law.

7. Settlement Class members shall have until March 19, 2012 to exclude themselves from or submit written comments regarding the proposed settlement. Any Settlement Class members desiring to exclude themselves from the action must submit the request to Class Counsel by March 19, 2012. Any Settlement Class members who wish to comment on the settlement may submit a comment in writing to Class Counsel by March 19, 2012. Any comment should include the name and number of the case and a statement of the reason why the class member believes the Court should or should not find the proposed settlement is in the best interests of the class. Regardless of whether a written comment has been submitted, a class member may also appear at the fairness hearing and be heard on the fairness of a settlement. To be effective, a request for exclusion must be postmarked by March 19, 2012. Promptly after March 19, 2012, Class Counsel shall file with the Clerk of the Court (a) a list of opt-outs or a statement that none were received, and (b) copies of all comments that were received or a statement that none were received. Class Counsel shall also provide a judge's copy of those filings to the assigned judge's chambers and copies to Defendant's counsel.

8. In order to receive a portion of the cash payment under the settlement, a Settlement Class member must complete, return to the settlement administrator, and postmark a claim form by March 19, 2012. The claim form will be sent with the Class Notice.

9. Defendant shall file with the Court proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

10. Any decision as to distribution of a *cy pres* award is reserved for the court.

11. By no later than April 11, 2012, the parties shall file joint or separate briefs in support of final approval of the Settlement. The proposed final approval order should be

submitted to the assigned judge's Proposed Order inbox, preferably in WordPerfect format.

12. A final hearing on the fairness and reasonableness of the Agreement and whether the final approval shall be given to it and the requests for fees and expenses by Class Counsel will be held on April 19, 2012 at 11:00 a.m.

ENTERED: *William T. Hart*
William T. Hart

DATE: JAN 5, 2012