**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANNA PAWELCZAK, an individual; on behalf of herself and all others similarly situated, | ) ) | |
| | ) | |
| Plaintiff, | ) | 11 CV 1415 |
| | ) | |
| vs. | ) | Judge Hart |
| | ) | |
| BUREAU OF COLLECTION RECOVERY, LLC, a Minnesota Limited Liability Company, | ) ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF FINAL
APPROVAL OF CLASS SETTLEMENT AGREEMENT**

Plaintiff, Anna Pawelczak ("Ms. Pawelczak" or "Plaintiff"), on behalf of herself and all others similarly situated, by Class Counsel, Edelman, Combs, Latturner & Goodwin, LLC and the Law Office of William F. Horn, respectfully submits this memorandum in support of final approval of the Class Settlement Agreement ("Agreement") which Plaintiff and Defendant Bureau of Collection Recovery, LLC ("BCR" or "Defendant") entered into as of December 28, 2011. This Court granted preliminary approval to the Agreement on January 5, 2012 (Documents 36 and 37).

The Court is advised that on February 3, 2012, notice of the settlement of this action was mailed to 3,120 individuals identified as members of the Settlement Class. As of the date of this filing, the U.S. Post Office returned 776 of the notices as "undeliverable"; there were also 103 notices returned by the U.S. Post Office which were re-mailed to a forwarding address.

In total, approximately 2,344 Settlement Class members received notice of the settlement. No Settlement Class members timely submitted a request for exclusion, and no

objections were filed.

The Court is further advised that 187 Settlement Class members timely submitted claim forms, and 2 submitted late claim forms. Plaintiff requests that the Court allow the late claimants to share in the settlement proceeds. If the late claim forms are allowed, 189 Settlement Class members would be entitled to receive a *pro rata* share of the Settlement fund, amounting to approximately $132.27 per Settlement Class member.[1]

## I.      OVERVIEW OF THE CASE

Plaintiff brought this action on March 1, 2011, alleging that Defendant had violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") by telephoning Plaintiff and Class members on a number of occasions in an effort to collect a debt and failing to disclose its identity and that the subject of the call was debt collection. Defendant denies Plaintiff's claims, denies any liability to Plaintiff or the Settlement Class, and denies any wrongdoing of any kind.

After arms-length settlement negotiations, the parties reached a settlement and executed a written settlement agreement.  The Court preliminarily approved the Agreement on January 5, 2012 (Docs. 36 and 37).  Defendant served the  notice required by the Class Action Fairness Act on December 28, 2011 (Doc. 38).  As demonstrated below, the Agreement is now ripe for this Court's final approval.

## II.     THE ADMINISTRATION OF THE SETTLEMENT

### A.      The Preliminary Approval Order.

---

[1] If the 2 late claimants are excluded, each Settlement Class member will receive approximately $1.41 more.

In the Preliminary Approval Order (the "Order"), the Court specifically found that the proposed terms of the settlement satisfied all of the elements of Federal Rule of Civil Procedure 23(a) and 23(b)(3). The Order preliminarily certified a class defined as:

> (a) all persons (b) with telephone numbers in 847 and 224 area codes (c) for whom Defendant left voicemail or answering machine messages (d) that did not identify Defendant or state that the call was for collection purposes (e) during a period beginning on March 1, 2010 and ending on March 22, 2011.

The Order established a procedural framework for the final approval of the settlement. The Order required the parties to cause notice to be mailed to the members of the above defined Settlement Class, set deadlines and procedures for Settlement Class members to submit claim forms, request exclusion from the Class and/or to object to the settlement, and set a date and time for the fairness hearing.

**B.      The Sending of Class Notice.**

On February 3, 2012, the settlement administrator retained by Defendant, First Class, Inc. ("FCI"), caused notice of the settlement to be mailed to 3,120 individuals identified as members of the Settlement Class. (Exhibit 1.) As of the date of this filing, the U.S. Post Office returned 776 of the notices as "undeliverable"; there were 103 notices returned by the U.S. Post Office which were re-mailed to a forwarding address.

In total, approximately 2,344 Settlement Class members received notice of the settlement. No Settlement Class members timely submitted a request for exclusion, and no objections were filed.

The Court is further advised that 187 Settlement Class members timely submitted claim forms, and 2 submitted late claim forms. Plaintiff requests that the Court allow the late

claimants to share in the settlement proceeds. If the late claim forms are allowed, 189 Settlement

Class members would be entitled to receive a *pro rata* share of the Settlement fund, amounting

to approximately $132.27 per Settlement Class member.[2]

### C.     The Value of the Settlement.

The Court previously considered the terms of the settlement in entering the

Order, which are as follows:

(1)     Defendant creates a class settlement fund of $25,000.00 ("Class

Recovery"), which will be distributed pro rata among Settlement Class members who do not

exclude themselves and who timely return a claim form;

(2)     Defendant pays $1,000 to Plaintiff;

(3)     Subject to the Court's approval, Defendant pays $35,000.00 to Class

Counsel for attorneys' fees and costs;

(4)     The cost of administering the settlement, including providing notice to the

Settlement Class, shall be paid by Defendant separate and apart from the Class Recovery.

However, if any portion of the Class Recovery remains after the void date on Claimants' checks,

these remaining funds will be distributed as follows: up to 25% of the remaining funds shall be

distributed to Defendant as reimbursement for any costs it incurs for the administration of the

settlement, and the remainder shall be donated to the Illinois Bar Foundation as a cy pres award.

### D.     Class Members' Response

---

[2]If the 2 late claimants are excluded, each Settlement Class member will receive
approximately $1.41 more.

4

Of the 2,344 Settlement Class members who received notice, none submitted a request for exclusion and no Settlement Class member filed an objection to the settlement. The lack of objections and opt-outs should be viewed as an endorsement of the settlement by the Settlement Class.

## III.    THE COURT SHOULD GRANT FINAL APPROVAL TO THE SETTLEMENT

The Court should grant final approval to the settlement. The Class meets all the requirements of Fed. R. Civ. P. 23 and the Agreement is fair and reasonable.

### A.    The Class Meets All the Requirements of Fed. R. Civ. P. 23(a)

#### 1.    Rule 23(a)(1) - The Settlement Class Is So Numerous That Joinder Of All  Members Is Impracticable.

Fed. R. Civ. P. 23(a)(1) requires the class be "so numerous that joinder of all members is impracticable." The Seventh Circuit has recognized that as few as 40 class members are sufficient to satisfy the "numerosity" requirement of Rule 23(a)(1).  *Swanson v. American Consumer Industries, Inc.*, 415 F.2d 1326, 1333 (7th Cir. 1969); *see also Newberg on Class Actions*, 3rd ed. Sec. 3.05, pp. 3-25 ("The difficulty in joining as few as 40 class members should raise a presumption that joinder is impracticable, and the plaintiff whose class is that large or larger should meet the test of Rule 23(a)(1) on that fact alone."). There were approximately 3,120 individuals who met the Settlement Class definition and whom were subsequently sent notice of the Agreement, pursuant to the Order. The number of Settlement Class members in this case plainly satisfies the numerosity requirement of Rule 23(a)(1).

#### 2.    Rule 23(a)(2) - The Claims Of The Settlement Class Arise From Common Questions Of Law And Fact.

Fed. R. Civ. P. 23(a)(2) requires the existence of "questions of law or fact

common to the class." The "commonality" requirement of Rule 23(a)(2) is usually satisfied where the class members' claims arise from a common nucleus of operative fact. *Rosario v. Livaditis*, 963 F.2d 1013 (7th Cir. 1992). Rule 23(a)(2) requires only that the class members share at least one question of fact or law in common. *Kreuzfeld A.G. v. Carnehammer*, 138 F.R.D. 594, 599 (S.D.Fla. 1991) (the issue of commonality "turns on whether there exists at least one issue affecting all or a significant number of proposed class members").

Here, Settlement Class members share a common fact: Defendant left prerecorded messages for Plaintiff and Settlement Class members that failed to make proper disclosure of its identity and that the call was for collection purposes. Plaintiff and Settlement Class members also share a common issue of law: Did Defendant's messages violate the FDCPA? These common issues of fact and law satisfy Rule 23(a)(2).

### 3. Rule 23(a)(3) - Named Plaintiff's Claims are Typical Of the Claims Of The Settlement Class.

Fed. R. Civ. P. 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." The "typicality" requirement of Rule 23(a)(3) is satisfied for many of the same reasons that the "commonality" requirement of Rule 23(a)(3) is met. *De La Fuente v. Stokley-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1993) ("A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory"); *see also Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (the typicality requirement is satisfied where the "claims or defenses of the class and the class representative arise from the same event or practice and are based upon the same legal theory").

Here, Plaintiff's claims share the same issues of law and fact as Settlement Class

6

members. Defendant left prerecorded messages for Plaintiff and Settlement Class members that failed to make proper disclosure of its identity and that the call was for collection purposes. Plaintiff and Class members also share the same question of law: Did Defendant's messages violate the FDCPA?  Rule 23(a)(3) is plainly satisfied in this case.

### 4. Rule 23(a)(4) - Plaintiff and Class Counsel Has Fairly And Adequately Protected The Interests Of The Settlement Class.

Fed. R. Civ. P. Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interest of the class." This rule involves two considerations:  (1) whether the Plaintiff's attorneys are properly qualified and experienced to conduct the litigation; and (2) whether the Plaintiff has any interests antagonistic to the class.  *General Tel. Co. v. Falcon*, 102 S.Ct. 2364, 2370, n.13 (1982); *Retired Chicago Policy Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993).

As set forth in the declaration of Daniel A. Edelman, attached hereto as <u>Exhibit 2</u>, and the declaration of William F. Horn, attached hereto as <u>Exhibit 3</u>, Class Counsel are experienced in class action litigation. In addition, Plaintiff has no interest in conflict with the Settlement Class. Therefore, the named Plaintiff and her counsel satisfy the adequacy of representation requirement of Rule 23(a)(4).

### B. The Class Meets All The Requirements of Fed. R. Civ. P. 23(b)(3).

Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  For the reasons set forth below, both of

these requirements are satisfied in the present case.

### 1. Common questions predominate over individual issues.

In order for common questions of law or fact to predominate over individual issues for purposes of Rule 23(b)(3), common issues must constitute a significant part of the individual cases. *Jenkins v. Raymark Industries, Inc.*, 782 F.2d 468, 472 (5th Cir. 1986). Courts "generally focus on the liability issues in deciding whether the predominance requirement is met, and if the liability issue is common to the Class, common questions are held to predominate." *In re Alexander Grant & Co. Litigation*, 110 F.R.D. 528, 534 (S.D. Fla. 1986); *see also Dura-Built Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87, 89 (S.D. N.Y. 1981). In the present case, a common issue of fact – the prerecorded messages left by Defendant for Settlement Class members – predominates over any individual issues relating to Settlement Class members. Also, a common issue of law  –  whether Defendant's prerecorded messages violated the FDCPA – predominates over any individual issues relating to each Settlement Class members. Rule 23's predominance requirement is satisfied.

### 2. A Class Action is Superior to Other Methods of Resolving This  Matter.

For many of the reasons set forth above, a class action is the superior method to resolve the claims presented in this action.  In determining the superiority of a class action, the Court must consider the best available method of resolving the controversy in keeping with the goal of judicial economy. In reaching this determination, the Court should consider the inability of the uninformed to bring their claims and the improbability that large numbers of class members would possess the initiative to litigate individually.  *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1165 (7th Cir. 1974). In *Phillips Petroleum Company v. Shutts*, 472 U.S.

797, 809, 105 S.Ct. 2965 (1985), the Supreme Court recognized that in cases where the class members' claims are too many or too small to litigate on an individual basis, the Court should certify the case as a class action under Rule 23(b)(3).

Given the large number of individual lawsuits that would be required if a Settlement Class were not certified, a class action presents a superior method to fairly and efficiently adjudicate all of the claims of the Settlement Class in this case, within the meaning of Rule 23(b)(3). To the extent that any Settlement Class members wished to pursue any such individual claim, they were free to exclude themselves from the Settlement Class and the settlement under Rule 23(b)(3). No Settlement Class member who received notice elected to opt-out of the Settlement Class.

C. **The Court Should Grant Final Approval to the Agreement Because It Is Fair, Reasonable, and Adequate**

In assessing the fairness of class settlements, courts consider six factors:

1. The strength of the plaintiff's case on the merits measured against the terms of the settlement;

2. The complexity, length, and expense of continued litigation;

3. The amount of opposition to the settlement among class members;

4. The presence of collusion in gaining a settlement;

5. The stage of the proceedings; and

6. The amount of discovery completed.

*Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 (7th Cir. 1997). Taking into account these six factors, the Court should approve the parties' Agreement.

1. **The strength of the Plaintiff's case on the merits measured against the terms of the settlement**.

9

At the time the parties agreed on settlement terms, Plaintiff believed she had a good chance of prevailing on liability at summary judgment or trial. However, there is always an inherent risk if the case is adjudicated on the merits. In light of the uncertainty and risks associated with continued litigation, the settlement is fair and reasonable. Recovery for the Settlement Class is governed by 15 U.S.C. § 1692k which allows a class to recover up to 1% of a defendant's net worth, subject to a cap of $500,000. In settlement negotiations, Defendant presented evidence to Plaintiff of its net worth. (At the Court's request at the Preliminary Approval Hearing, Defendant provided its net worth information to the Court for an *in camera* review.) Based on Defendant's net worth, the risks and uncertainties of further litigation, and the nature of the violation claimed, a $25,000 settlement is fair and reasonable. This recovery is reasonable in light of the risks of non-recovery if the case had been adjudicated on the merits. The first *GE Capital* factor is satisfied.

**2.     The complexity, length, and expense of continued litigation**

At the time they negotiated the settlement, the parties had begun the process of discovery. Defendant answered Plaintiff's written discovery requests and deposed Plaintiff. Defendant also issued written discovery to Plaintiff and served a subpoena on third-party Bluestern Brands, Inc. Plaintiff filed a motion for class certification, but no additional briefing was completed. Additional written and oral discovery, briefing of Plaintiff's motion for class certification, briefing of cross-motions for summary judgment, and a likely trial would have been time-consuming and expensive. Continued litigation would not necessarily have increased the benefits available to the Settlement Class. The second *GE Capital* factor is satisfied.

**3.     The amount of opposition to the settlement among Settlement Class members**

10

No Settlement Class members elected to opt-out of the settlement, and no Settlement Class member objected to the settlement. Because there were no opt-outs or objections, the third *GE Capital* factor is satisfied.

### 4. The presence of collusion in gaining a settlement

There was no collusion between the parties or their counsel. Settlement was achieved after arms-length negotiations by the parties over a period of several months.

### 5. The stage of the proceedings and the amount of discovery completed.

Finally, the fifth and sixth *GE Capital* factors also support the final approval of this settlement in light of the stage of pre-trial proceedings and the discovery completed to date. This action was filed on March 1, 2011. The parties settled the case before fact discovery was completed and before summary judgment motions were filed. Given the stage of proceedings, the proposed settlement satisfies the fifth and sixth *GE Capital* factors.

## IV. THE ATTORNEY'S FEES AND COSTS ARE REASONABLE

Pursuant to the Agreement, Class Counsel requests approval of payment of attorney's fees of $35,000. Plaintiff's counsel includes experienced class action attorneys, all of whom contributed their skills and expended their resources in a coordinated effort that resulted in the settlement of this matter.

Class Counsel filed a well researched complaint alleging claims for relief under the FDCPA. Class Counsel issued written discovery, defended Plaintiff's deposition, filed a motion for class certification, negotiated a class-wide settlement and prepared the necessary settlement documents. Class Counsel also fielded calls from Settlement Class members after notice was sent out. To date, Class Counsel has incurred attorney's fees and expenses of

11

$18,913.60 and $34,766.21 respectively (totaling $53,679.81) (see <u>Exhibits 2 and 3</u> and their appendices). In light of the actual time spent, Class Counsel's request for attorney's fees and costs of $35,000.00 is reasonable. Class Counsel accordingly requests approval of $35,000 by the Court.

**V.      <u>CONCLUSION</u>**

For all the foregoing reasons, Plaintiff, individually and on behalf of herself and all others similarly situated, by Class Counsel, respectfully requests that this Court grant final approval of the Agreement and enter the Final Approval Order, attached hereto as <u>Exhibit 4</u>.

Respectfully submitted,

<u>s/Francis R. Greene</u>
Francis R. Greene

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>CERTIFICATE OF SERVICE</u>

       I, Francis R. Greene, hereby certify that on April 11, 2012, I caused to be filed the foregoing document with the Clerk of the Court via the Court's CM/ECF system which caused to be sent notification of such filing to the following parties via electronic mail:

David M. Schultz
dschultz@hinshawlaw.com

Jennifer W. Weller
jweller@hinshawlaw.com

William F. Horn
bill@wfhlegal.com

s/Francis R. Greene
Francis R. Greene
