

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANNA PAWELCZAK, an individual; on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | 11 CV 1415 |
| vs. ) ) | Judge Hart |
| BUREAU OF COLLECTION RECOVERY, LLC, a Minnesota Limited Liability Company, ) ) ) ) | |
| Defendant. ) | |

## FINAL APPROVAL ORDER

Upon consideration of the parties' request for final approval of the Class Settlement Agreement ("Agreement") between Plaintiff, ANNA PAWELCZAK ("Plaintiff"), individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendant, BUREAU OF COLLECTION RECOVERY, LLC ("BCR"), the Court orders and finds as follows:

1. This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, Settlement Class members, and BCR.

2. Solely for the purposes of settlement, the following Settlement Class is certified pursuant to Fed.R.Civ.P. 23 (b)(3):

> (a) all persons (b) with telephone numbers in 847 and 224 area codes (c) for whom Defendant left voicemail or answering machine messages (d) that did not identify Defendant or state that the call was for collection purposes (e) during a period beginning on March 1, 2010 and ending on March 22, 2011.

3. Based on the parties' stipulations, and for settlement purposes only: (A) the

Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Settlement Class members, and included whether or not Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692 et seq. through pre-recorded messages left for Settlement Class members which messages allegedly did not make proper disclosure of BCR's identity or state that it was a communication from a debt collector; (C) the claim of Plaintiff Anna Pawelczak is typical of the Settlement Class members' claims; (D) Plaintiff Anna Pawelczak is an appropriate and adequate representative for the Class and her attorneys, the law firm Edelman, Combs, Latturner & Goodwin, LLC and Law Offices of William F. Horn, are hereby appointed as Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class members.

4. The Court approved a form of notice for mailing to the Settlement Class. The Court is informed that actual notice was sent by first class mail to approximately 3,120 Settlement Class members by First Class, Inc., the settlement administrator. A total of 879 envelopes were returned by the United States Postal Service, 103 of which were returned with forwarding addresses and re-mailed. No Settlement Class members requested exclusion, and no objections were filed or received. A total of 190 Settlement Class members returned a proof of claim form and are entitled to a share of the monetary benefits of the settlement. The three late claimants may share in the benefits of the settlement.

5. On April 19, 2012, the Court held a fairness hearing to which Settlement Class members, including any with objections, were invited.

6. The Court finds that provisions for notice to the class satisfy the requirements due

process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

7.　　The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the parties, including the Release and payments by Defendant. Upon the Effective Date, as that term is defined in the Agreement, Defendant shall make the following payments:

>   a.　　Defendant will create a class settlement fund of $25,000.00 ("Class Recovery"), which a settlement administrator, First Class, Inc. will distribute pro rata among Settlement Class members who did not exclude themselves from the settlement, who timely returned a claim form and who can be located ("Claimants"). Claimants will receive a pro rata share of the Class recovery by check. Checks issued to Claimants will be void after sixty (60) days. If any portion of the Class Recovery remains by the void date on the Claimants' checks, these remaining funds will be distributed as follows: up to 25% of the remaining funds shall be distributed to Defendant as reimbursement for any costs it incurs for Class Notice and Administration, and the remainder shall be donated to the Illinois Bar Foundation as a cy pres award. The payment to Defendant shall not exceed 25%, however, in the event that costs for Class Notice and Administration are less than 25% of the remaining funds, Defendant shall be paid an amount equal to the costs of Class Notice and Administration with the remaining funds to be paid to the Illinois Bar Foundation as a cy pres award.
>
>   b.　　Defendant shall pay $1,000 to Plaintiff.
>
>   c.　　Class Counsel will receive attorneys' fees and costs in the amount of $35,000.00. Class Counsel will not request additional fees or costs from Defendant or the Settlement Class members.

8.　　The Plaintiff and Settlement Class members grant the following releases:

>   a.　　Plaintiff, Anna Pawelczak, including each and every one of her respective agents, representatives, attorneys, heirs, assigns, or any other person acting on her behalf or for her benefit, and any person claiming through her (collectively "Releasors"), releases and discharges Defendant, Bureau of Collection Recovery, LLC, as well as its parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners,

beneficiaries, representatives, heirs, attorneys, or assigns (in their respective capacities as officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns for BCR) (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now has or ever had against the Released Parties, or any of them, under any legal theory, including claims against the Released Parties on a theory of vicarious liability, whether or not alleged, related to or arising from matters that occurred from the beginning of time up through the Effective Date. Without limiting the generality of the foregoing, Releasors release Released Parties of all claims that were made or that could have been made in this lawsuit including all claims relating to Defendant's collection activity.

b.    Each member of the Settlement Class who does not opt out releases and discharges the RELEASED PARTIES of all causes of action, suits, liability and claims, including claims against the Released Parties on a theory of vicarious liability, and including the payment of attorney's fees and costs arising from or relating to any call in which Defendant failed to identify itself or disclose that the call was for collection purposes.

c.    IT IS EXPRESSLY STATED that the releases above DO NOT release any claim and defense Plaintiff and each Settlement Class member may have with respect to the underlying debts which BCR was attempting to collect, including (1) whether any debt is in fact owed, (2) the crediting of payments on any debt, or (3) the proper reporting of any debts to credit bureaus.

d.    BCR does NOT release its claims, if any, against Plaintiff or any member of the Settlement Class for the payment of their debts. The underlying debts Defendant sought to collect are not affected by this Agreement. This Agreement does not prevent Defendant from continuing to attempt to collect the debts allegedly owed by the Settlement Class members.

9.    The Court finds the Agreement fair and made in good faith.

10.    Within thirty (30) days following the last void date of the Settlement Class members' checks, any uncashed checks or undistributed funds will be paid by First Class, Inc. as follows: up to 25% of the remaining funds to be distributed to Defendant as reimbursement for any costs it incurred for Class Notice and Administration, and the remainder to be distributed to Ms. Melissa Burkholder, Cy Pres Awards, Illinois Bar Foundation, 20 South Clark Street, Suite 910, Chicago, IL 60603.

11. The terms of the Agreement are incorporated into this order. This order shall operate as a final judgment and dismissal with prejudice of the claims in this action.

12. Defendant, after all money has been distributed from the Class Recovery and no later than thirty (30) days after the Void Date, is to file a notice apprising the Court that the terms of the Agreement have been complied with and providing the Court with an accounting of how the money in the Class Recovery was distributed.

13. ~~Ten (10) days after the filing of the notice contemplated in ¶ 10 above, the dismissal of the claims of Plaintiff and~~ the Settlement Class shall be with prejudice and without ~~costs, absent a timely motion by either~~ Plaintiff or Defendant. [WTH]

14. ~~The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal~~ from, this order. [WTH]

15. The Court retains exclusive jurisdiction to enforce the terms and provisions of the Agreement and this order.

16. The Parties are hereby ordered to comply with the Terms of the Agreement and this order.

ENTERED: /s/ William T. Hart
William T. Hart
United States District Court Judge

DATE: April 19, 2012

5